996 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert E. HADDAWAY, Individually and as Personal
Representative of the Estate of Kandice D.
Haddaway; Kathy Haddaway; R. Bea
Johnson, Plaintiffs-Appellees,
v.
John J. ELLERBUSCH; Glen W. Ruff, Defendants-Appellants,
and
State of Maryland, Defendant.
 No. 92-2239.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 5, 1993.
Decided: June 30, 1993.
 
 1
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge.
 
 
 2
 Samuel Louis Israel, WEINBERG & GREEN, for Appellant.
 
 
 3
 Lawrence Gilbert Bohlen, for Appellee.
 
 
 4
 Paul T. Cuzmanes, WEINBERG & GREEN, for Appellant.
 
 
 5
 Richard S. Phillips, WALSH & PHILLIPS, P.A.; Robert J. Greenleaf, for Appellee.
 
 
 6
 D.Md.
 
 
 7
 AFFIRMED.
 
 
 8
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and VOORHEES, Chief United States District Judge for the Western District of North Carolina, sitting by designation.
 
 VOORHEES, Chief District Judge:
 OPINION
 
 9
 Robert Haddaway, as the personal representative of Kandice Haddaway, brought this action under 42 U.S.C. § 1983. Count one alleges that Glen W. Ruff, a Deputy of the Talbot County, Maryland, Sheriff's Department, used excessive force against Ms. Haddaway when he shot and killed her during an investigation of a disturbance at her home. Count three alleges that John J. Ellerbusch, the Sheriff of Talbot County, Maryland, knew that Officer Ruff was likely to commit a constitutional violation and failed to discipline Officer Ruff or otherwise prevent the violation.[1] On September 16, 1992, the district court denied defendants' motion for summary judgment based on qualified immunity.[2] Ruff appeals that part of the order denying qualified immunity to Ruff. This court has jurisdiction to review that final order pursuant to 28 U.S.C. § 1291.
 
 I.
 
 10
 The details surrounding the shooting death of Kandice Haddaway are, at best, unclear. All that is undisputed is that, on the evening of July 21, 1990, Officer Ruff shot and killed Ms. Haddaway in her kitchen in the presence of a friend, Bea Johnson. Beyond that, one may at this point only recite the recollections of the two surviving witnesses to the shooting, Officer Ruff and Ms. Johnson.
 
 
 11
 According to Officer Ruff, he was dispatched from the St. Michaels, Maryland, police station to pick up Haddaway, who was to be questioned about the stabbing of Robert Krisch. A local officer of the St. Michaels Police Department, Thomas Johnson, went along with Officer Ruff. On the way to Haddaway's residence, Officer Johnson told Officer Ruff that Haddaway had a history of violence, including frequently beating up her boyfriend, and that this tendency was exacerbated when strong drink was involved.
 
 
 12
 As the two officers approached the Haddaway residence, they noticed a crowd of people gathered around. Robert Haddaway, decedent's father, told Officer Ruff that his daughter had assaulted several persons. Bea Johnson, decedent's friend, stated to Officer Ruff, "I wouldn't go in there if I were you."
 
 
 13
 Officer Ruff entered the house through the back door, and proceeded into the kitchen, where he saw Ms. Haddaway talking on the telephone. After waiting several minutes for her to end her conversation, he told her to hang up the phone. After she ignored his order, Officer Ruff repeated it a second time. In response to the second command, Haddaway picked up a pair of cutting shears, and began to move toward Officer Ruff. While retreating, Officer Ruff twice ordered Haddaway to put down the shears. Because his focus was on Haddaway and her weapon, Officer Ruff backed himself up against a wall, barring further retreat.
 
 
 14
 While Officer Ruff was attempting to retreat, Bea Johnson entered the kitchen and tried to wrest the shears from Haddaway's hand. Haddaway, however, retained control of the blades and approached Officer Ruff with the shears extended, while cursing at him in a loud and threatening manner. With no means of escape, and Haddaway within five feet of him, Officer Ruff drew his gun and fired once, killing Haddaway instantly.
 
 
 15
 Bea Johnson's version of the incident is much different. As she recalls the night of July 21, 1990, Officer Ruff entered Haddaway's kitchen while both she and Bea Johnson were in the room. Haddaway was arguing with someone on the phone while squeezing a pair of tin snips in her hand. Officer Ruff told her to put the tin snips down, and Ms. Johnson tried to grab them from Haddaway. Haddaway then hung up the telephone and turned around, at which point both she and Ms. Johnson noticed that Officer Ruff had drawn his gun. Both women screamed when they saw the gun, and then Officer Ruff fired the fatal shot. According to Bea Johnson, Haddaway never made any movement toward Officer Ruff.
 
 II.
 
 16
 The defense of qualified immunity is available to law enforcement officers in claims alleging excessive use of force. Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir. 1991). It is intended to protect those officers whose conduct "does not violate clearly established constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A right is not clearly established unless a reasonable officer would have known, given the facts and circumstances known to him or her at the time of the challenged action, that such action violated the particular right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Stated a different way, a police officer is entitled to qualified immunity if a reasonable officer possessing the same information could have believed that the challenged action did not violate the rights of another. Id. at 641.
 
 
 17
 The right to be free from the use by police of excessive force is-and was at the time of the shooting in this case-clearly established in the law. Police may only use deadly force where the officer has probable cause to believe that a person poses a threat of serious physical harm to the officer or others. Tennessee v. Garner, 471 U.S. 1, 11 (1985). Thus, the determination in cases involving the use of deadly force, where qualified immunity is raised as a defense, is whether a reasonable officer possessing the same information as the defendant could have believed that the person upon whom deadly force was used posed a threat of serious physical harm to anyone. Slattery, 939 F.2d at 216. When qualified immunity is asserted at the summary judgment stage, as here, the court must first determine whether there is a genuine issue of material fact as to the officer's perceptions.
 
 III.
 
 18
 Applying those principles to this case, we find that Officer Ruff's account of what he perceived immediately before he shot Haddaway is not sufficient to support a dispositive finding of qualified immunity. Officer Ruff asserts that he was threatened by a woman who seemed out of control and carried a weapon, and found himself trapped with no means of escape. Bea Johnson, on the other hand, alleges that Officer Ruff was faced only with an angry woman on the telephone. The resolution of these conflicting versions is the ultimate factfinding issue in this case. Therefore, the facts in dispute are material.
 
 
 19
 The dispute is also genuine. The facts related by Officer Ruff show an absence of constitutional violation. However, it is equally true that the facts according to Bea Johnson tend to defeat the defense of qualified immunity. Given that there are no other versions of the incident, and considering that Officer Ruff has a personal interest in the outcome, we find that the dispute is one which must be resolved by a jury.
 
 
 20
 The record before the court, even taking into account the reasons for the qualified immunity defense, raises genuine issues of material fact. See Fed. R. Civ. P. 56. We hold that the trial judge properly denied Officer Ruff's motion for summary judgment.
 
 IV.
 
 21
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 The denial of summary judgment as to Defendant Ellerbusch is not part of this appeal
 
 
 [2]
 In the original complaint, there were three additional plaintiffs and five additional state law claims. By September 16, 1992, only the two federal claims and the Maryland battery claim brought by Mr. Haddaway, as the personal representative of Kandice Haddaway, remained. In Judge Young's September 16 Order, he granted defendants' motion for summary judgment on the battery claim. That part of the order is not appealed